IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS PAGAN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-930 |
| | : | |
| LOUIS FOLINO | : | |

## MEMORANDUM AND ORDER

**Juan R. Sanchez, J.**                                                    **July 26, 2007**

Luis Pagan, serving a life sentence at State Correctional Institution Greene in Waynesburg,
Pennsylvania, for second degree murder, robbery and conspiracy, re-states the nine grounds on which
he asks this Court to grant a writ of habeas corpus as objections to the well-reasoned Report and
Recommendation of Magistrate Judge M. Faith Angell.  After a careful and independent review of
the record pursuant to 28 U.S.C. § 636,[1] I find none of the nine issues Pagan raises warrants relief;
therefore, I will approve the Report and Recommendation, and overrule Pagan's objections.

**FACTS**

Pagan's life sentence is a result of a highway robbery, shooting, and death.  Pagan was
driving a car which either bumped or was bumped by a car driven by Sotero Ortega, whose 17-year-
old son Hiroc was in the passenger seat.  After the third bump, the two cars stopped and three men
from Pagan's car approached Ortega's car.  One went to the driver's window, demanded money, and
then shot Ortega in the face.  The other two men, one carrying a gun, dragged Hiroc out of the car

---

[1]Article III requires de novo review of a magistrate judge's report and recommendation where a party
timely objects. *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *United States v. Peretz*, 501
U.S. 923 (1991)).

and shot him twice in the head, killing him.  The three jumped back in Pagan's car and Pagan drove off.  Pagan dropped off the two with guns to allow them to dispose of the guns and later picked them up again.

Twenty minutes later, a police officer investigating the shootings saw a small black car with a broken taillight as described by witnesses.  The clothing colors of the occupants matched those described by the witnesses to the shooting.  The officer stopped the car and another officer brought the witnesses  to identify the car and the occupants, which they did.  Based on the identification, the officers arrested Pagan and the three others.

Pagan, after receiving his *Miranda*[2] warnings, admitted driving the car before and after the shootings, denied  knowing his two passengers had guns, but admitted seeing the shootings.  After the trial court ruled in a suppression hearing the officer had probable cause to stop the car and properly informed Pagan of his rights, Pagan's statement was admitted at trial.  When Pagan testified at trial, he denied he was driving the car.

The jury found Pagan guilty of second degree murder and associated crimes on January 14, 1999, and the trial court sentenced him to life imprisonment with a concurrent sentence of 16 to 32 years for aggravated assault, conspiracy, and possession of an instrument of crime.

Pagan appealed the denial of suppression to the Superior Court which affirmed the trial court. *Commonwealth v. Pagan*, No. 619 EDA 1999 (Pa. Super. Ct. July 24, 2000).  Pagan did not ask for Pennsylvania Supreme Court *allocatur*, but did file a petition under the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, which was denied.  When Pagan appealed the denial

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 467 (1966) (holding "the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored").

of his PCRA, the Superior Court denied each of his six allegations of ineffective assistance of counsel. *Commonwealth v. Pagan*, No. 1268 EDA 2004 (Pa. Super. Ct. July 5, 2005). The Pennsylvania Supreme Court denied permission to appeal. *Commonwealth v. Pagan*, No. 418 EAL 2005 (Pa. November 30, 2005).

Pagan filed this timely petition for a writ of habeas corpus on February 24, 2005 in which he alleges actual innocence, lack of probable cause for arrest, and seven instances of ineffective assistance of counsel. I referred Pagan's petition to Magistrate Judge Angell for a Report and Recommendation.

**DISCUSSION**

Federal habeas courts are not forums in which to relitigate state trials. *Albrecht v. Horn*, 485 F.3d 103, 122 n.6 (3d Cir. 2007). This Court may grant Pagan's petition only if the adjudication on the merits by the courts of Pennsylvania:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court clarified the meaning "contrary to" and "unreasonable application of" clauses in *Williams v. Taylor*, 529 U.S. 362 (2000). In *Williams*, the Court explained "contrary to" as an instance when a state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412. The *Williams* Court further explained "unreasonable application of" contemplates a state court's

identification of "the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id; Fountain v. Kyler*, 420 F.3d 267, 272 (3d Cir. 2005).  The deference to state court adjudications required by 28 U.S.C. § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal case law, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004).

Pagan's complaints fall into three categories: actual innocence, trial court error on suppression, and ineffective assistance of counsel.  None of his claims suggest the state court unreasonably applied or acted contrary to clearly established federal law.  28 U.S.C. § 2254(d).

Actual innocence is cognizable under habeas corpus only when a petitioner can show new evidence which makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Pagan points only to the conflicting stories about whether he was driving the car to claim actual innocence.  This Court must defer to the jury's fact-finding which resolved the conflict in a verdict of guilty.  *Lambert v. Blackwell*, 387 F.3d 210, 268 (3d Cir. 2004) (mandating "considerable deference to the determination of the state fact-finder").  When I defer to the jury's fact-finding, Pagan's claim of actual innocence fails.

Pagan's next argument, that the trial court erred when it failed to suppress his statement to police after his arrest, fails because pre-trial suppression issues are not reviewable in a habeas petition.  *Henderson v. Frank*, 155 F.3d 159, 168 (3d Cir. 1998) (reasoning absent structural error a fairly litigated suppression plea is not reviewable because the only power a federal court has  is "the power to release [a habeas petitioner]. Indeed, it has no other power; it cannot revise the state

4

court judgment; it can act only on the body of the petitioner"). A "habeas petitioner had an opportunity for full and fair litigation where the state court provided an opportunity for a pretrial suppression motion and the Superior Court considered the claim on appeal." *Reinert v. Larkin*, 211 F. Supp. 2d 589, 597 (E.D. Pa.2002), *aff'd*, 379 F.3d 76 (3d Cir. 2004). In this case, the trial court, after a hearing, found probable cause for the arrest and proper *Miranda* warnings before taking Pagan's statement. Hr'g. Tr. pp. 73-4, Jan. 6, 1999. The Superior Court affirmed on direct appeal. Pagan presents no grounds for a habeas writ on suppression.

To successfully argue he received ineffective assistance of counsel, Pagan must satisfy the Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show "counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's error, the result would have been different." *United States v. Nino*, 878 F.2d 101, 103 (3d Cir. 1989) (citing *Strickland*, 466 U.S. at 687-96).

Pennsylvania analyzes the performance prong of the *Strickland* test as requiring the claim of ineffective conduct be of arguable merit and lack a reasonable basis. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa.2002). To determine prejudice under the second prong, "the question is whether there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. It is "only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989).

The *Strickland* test qualifies under the habeas statute as "clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 391. Pagan is therefore entitled to habeas relief only if the Pennsylvania courts' dismissal of his claims was a

5

"decision that was contrary to, or involved an unreasonable application of," the *Strickland* test.  28 U.S.C. § 2254(d)(1).

The Superior Court began its analysis with the required presumption counsel was effective, *Commonwealth v. Hall*, 701 A.2d 190, 200-01 (Pa. 1997), and then properly placed the burden on Pagan to show a claim of arguable merit, for which counsel had no reasonable strategic basis, resulting in actual prejudice to his case.  *Commonwealth v. Snyder*, 870 A.2d 336, 345 (Pa. Super. 2005).  The Superior Court properly examined each of Pagan's claims[3] regarding the ineffective assistance of counsel and found each without merit.  Because none was of arguable merit, the Superior Court reasoned, Pagan's allegations failed the *Strickland* test to prove ineffective assistance of counsel.

When I examine the record and the Superior Court's decision through the lens provided by the habeas statute, I find the Superior Court's decision was not an "unreasonable application of" or "contrary to" established federal law.  28 U.S.C. § 2254(d).  For that reason, I will approve the Report and Recommendation and overrule Pagan's objections.

An appropriate order follows.

---

[3]Pagan alleges counsel was ineffective for: failing to raise an issue of conflicting evidence, failing to raise sufficiency of the evidence on direct appeal, failing to demand an instruction on the meaning of "in furtherance" in the second degree murder instruction, failing to object to the dismissal of a juror, eliciting testimony from a police officer that he had not asked whether Pagan knew of the shooters' intentions, failing to object to a jury instruction which did not require the jury to unanimously find the same overt act for conspiracy, and failing to object to the prosecutor's comment Pagan changed his testimony at trial.